```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

--------------------------------- x
U.S. BANK TRUST, N.A. as trustee :
for LSF9 MASTER PARTICIPATION    :
TRUST                            :
                                 :
          Plaintiff,             :   Civil No. 3:25-cv-1578 (AWT)
v.                               :
                                 :
GREGG P. HEALY, BRIDGETTE G.     :
HEALEY, and CONNOR J. HEALEY,    :
                                 :
          Defendants.            :
--------------------------------- X
```

## ORDER DENYING MOTION FOR RECONSIDERATION

For the reasons set forth below, the Defendants' Motion for Reconsideration (ECF No. 38) is hereby DENIED.

In support of their motion, the defendants argue: "The additional law defendants request the Court to reconsider remand in favor of removal is that afforded by civil rights statute 28 U.S.C. § 1443, given defendants have previously raised 14th Amendment due process and equal protection violations relating to the death of their attorney, Jack Errol Robinson III in both their notice to remove (ECF No. 1) and their memorandum of opposition to plaintiff's motion to remand (ECF No. 27)."

However, 28 U.S.C. § 1443 was not one of the statutes pursuant to which the defendants removed this action. The first sentence of the Notice of Removal states: "Pursuant to 28 U.S.C.

§§ 1331, 1332, 1441 and 1446, defendants Gregg P. Healey, Bridgette G. Healey, Connor J, Healey hereby give notice of removal of this action to the United States District Court for the District of Connecticut." ECF No. 1 at 1. Nowhere in their Notice of Removal or their Opposition Memorandum of Law to Plaintiff's Motion to Remand (ECF No. 27) do the defendants make any reference to 28 U.S.C. § 1443. Thus, the defendants are seeking to assert a new argument, which is impermissible. See Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.")

The defendants are also seeking to assert a new ground for removal. Under § 1446, the grounds for removal are required to be stated in the notice of removal, and there is no provision in the statute for adding a new ground after the case has been removed.

Moreover, even if the defendants had sought to remove this action pursuant to 28 U.S.C. § 1443, nothing in the record suggests there would have been any basis for doing so. The Civil Rights Removal Act, 28 U.S.C. § 1443

> identifies two situations in which cases can be removed
> from state to federal court. First, a defendant in state
> court can remove a case if he or she can demonstrate that

the state court proceedings will deny rights created by federal civil rights statutes. Alternatively, a case can be removed to federal court if a person's defense is that the action was required by federal civil rights laws or that the person is being sued or prosecuted for failing to act in a manner that was prohibited by such a law.

Erwin Chemerinsky, <u>Federal Jurisdiction</u> 754 (9th ed. 2025). The first situation is clearly inapplicable to the defendants. As to the second situation, as explained in the Chemerinsky treatise:

> A case can be removed under this clause only if two conditions are met. First, a person must be deprived of a right secured by a federal law dealing with racial equality. That is, removal cannot be based on a violation of a right that stems from other than a specific federal law, nor can removal be based on rights that do not pertain to racial equality. Second, the person must be deprived of his or her rights pursuant to a state statute or state constitutional provision. Both individually and cumulatively, these restrictions greatly limit the instances in which removal is possible.

<u>Id.</u> at 756. Nothing in the defendants' papers addresses these requirements, and nothing in the record suggests that the defendants can satisfy them.

It is so ordered.

Dated this 8th day of January 2026, at Hartford, Connecticut.

                                    /s/
                              Alvin W. Thompson
                         United States District Judge